UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE GROSSBARD

Case No.

Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

A Foreign Corporation,

Defendant.

## COMPLAINT

The Plaintiff, LEE GROSSBARD, by and through undersigned counsel, hereby sues PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY ("PROVIDENT") and alleges:

### JURISDICTION AND VENUE

1. This is an action for breach of a contract of disability insurance which exceeds Seventy Thousand and 00/100 Dollars ($70,000.00) inclusive of attorney's fees.

2. The Plaintiff, Lee Grossbard, resides in Wesley Chapel, Florida and is a citizen of the State of Florida.

3. Defendant PROVIDENT is a Tennessee Corporation with its principal place of business in Chattanooga, Tennessee, authorized in the insurance business in the State of Florida.

4. The contract at issue is a disability insurance policy delivered in the State of Florida and subject to the Safe Harbor exception to preemption under the Employee Retirement Income Security Act of 1974 ("ERISA"). A copy of the Disability Insurance policy is attached hereto as Exhibit A.

## GENERAL ALLEGATIONS

5. Plaintiff has fully exhausted his appeals with Defendant, and all conditions precedent to the award of benefits have been fully satisfied or any requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary by the actions of Defendant PROVIDENT.

6. Defendant has interpreted the policy in its favor and against the insured in violation of the doctrine of contra proferentem.

7. Defendant has disregarded favorable evidence submitted by the insured.

8. Defendant has disregarded favorable evidence submitted by its own medical experts.

## COUNT ONE
## BREACH OF CONTRACT FOR
## LONG-TERM DISABILITY BENEFITS
## (TOTAL DISABILITY)

10. Plaintiff reincorporates and reavers paragraphs 1-11 by reference as if fully set forth herein.

11. Defendant has denied long-term disability benefits to the Plaintiff which are now due and owing as a result of Defendant's denial of same.

12. Plaintiff is "totally disabled" as defined by the disability insurance policy attached hereto and has otherwise satisfied all conditions precedent to receipt of benefits pursuant to the contract at issue.

13. Because of the Defendant's refusal to pay the benefits due Plaintiff under the policy, the Plaintiff has been forced to retain undersigned counsel to prosecute this action and has become obligated to pay a reasonable attorneys' fee, and has incurred necessary costs of prosecuting this action.

**WHEREFORE**, Plaintiff requests judgment against the Defendant for the following:

A. Damages for past, present, and ongoing disability benefits;

B. Interest on the claim as allowed by law;

C. Attorney's fees pursuant to Fl. Stat. Sect. 627.428.

D. Court costs;

E. All ancillary benefits to which she is entitled upon reinstatement of disability benefits, and

F. Such other and further relief as the Court may deem proper.

## COUNT TWO
## BREACH OF CONTRACT FOR
## LONG-TERM DISABILITY BENEFITS
## (RESIDUAL DISABILITY)

14. Plaintiff reincorporates and reavers paragraphs 1-11 by reference as if fully set forth herein.

15. Defendant has denied long-term disability benefits to the Plaintiff which are now due and owing as a result of Defendant's denial of same.

16. Plaintiff is "residually disabled" as defined by the disability insurance policy attached hereto and has otherwise satisfied all conditions precedent to receipt of benefits pursuant to the contract at issue.

17. Because of the Defendant's refusal to pay the benefits due Plaintiff under the policy, the Plaintiff has been forced to retain undersigned counsel to prosecute this action and has become obligated to pay a reasonable attorneys' fee, and has incurred necessary costs of prosecuting this action.

**WHEREFORE**, Plaintiff requests judgment against the Defendant for the following:

A. Damages for past, present, and ongoing disability benefits;

B. Interest on the claim as allowed by law;

C. Attorney's fees pursuant to Fl. Stat. Sect. 627.428.

D. Court costs;

E. All ancillary benefits to which she is entitled upon reinstatement of disability

benefits, and

    F.    Such other and further relief as the Court may deem proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ISSUES TRIABLE AS OF RIGHT BY A JURY.**

Respectfully submitted,

/s/ William S. Coffman, Jr.
William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff